UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| Randy M. Fuewell, | ) | C/A No.   4:11-2757-RBH-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Mr. Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Randy M. Fuewell (Petitioner/Fuewell), is currently incarcerated at McCormick

Correctional Institution. Petitioner appearing *pro se*, filed his petition for a  writ of habeas corpus

pursuant to 28 U.S.C. § 2254[1] on October 17, 2011. Respondent filed a motion for summary judgment

on February 1, 2012, along with a return, supporting memorandum and exhibits. (Docs. #15 and

#16). The undersigned issued an order filed February 2, 2012, pursuant to <u>Roseboro v. Garrison</u>, 528

F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the

possible consequences if he failed to respond adequately. (Doc. #17). On February 24, 2011,

Petitioner filed a motion for an extension to respond to Respondent's motion for summary judgment.

(Doc. #19).  This motion for extension was granted on February 27, 2011, and Petitioner was given

until March 28, 2012, to file a response. (Doc. #20). On March 29, 2011, Petitioner filed a response

to the motion for summary judgment, a motion to dismiss this action without prejudice or, in the

alternative, a motion for extension. Respondent filed a response in opposition to the motion to

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.
Because this is a dispositive motion, this report and recommendation is entered for review by the
district judge.

dismiss without prejudice and additional attachments to the motion for summary judgment. (Docs. # 27 and 28).

It is recommended that this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth below for reference purposes.

## MOTION TO DISMISS

Petitioner filed a motion for voluntary dismissal February 28, 2008. In the motion, Petitioner requests that he be allowed to dismiss his petition without prejudice to "to pursue a possible 'unexhausted remedy' in the state court(s)." (Doc. #25). Respondent filed a response in opposition arguing that the entire federal habeas petition is barred as untimely under 28 U.S.C. §2244(d)(1). Further, Respondent argues that Petitioner has not presented a valid explanation for the need for the dismissal, does not identify the state remedy still available nor indicates what claim in this habeas action would be subject to state remedy. Respondent argues that "it appears Petitioner alleges that he was not provided notice of his opportunity to raise issues not raised by PCR appellate counsel in the <u>Johnson</u> Petition for Writ of Certiorari filed in October 2007. This assertion is not supported by the record; the South Carolina Supreme Court sent Petitioner such a notice by letter dated October 8, 2007. (Docket entry #15-8)." (Doc. #27, p. 2). Respondent argues that Petitioner has no other available state remedies to pursue in state court and any attempt to seek further review upon any of the claims raised in this petition will be denied and dismissed as successive and untimely. (Doc. # 27). Additionally, Respondent argues Petitioner has not been diligent in pursuing relief as the action is barred by the statute of limitations.

Allowing the Petitioner to voluntarily dismiss his case without prejudice with right to refile

would be prejudicial to the Respondent. Respondent has filed a motion for summary judgment asserting the statute of limitations and the second and third PCR applications[2] the Petitioner filed were dismissed as untimely and successive.[3] Therefore, it is recommended that Petitioner's motion for voluntary dismissal without prejudice (doc. #25) be DENIED.[4]

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is currently confined at the McCormick Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of York County. Petitioner was indicted by the York County Grand Jury during the July 19, 2001, Term of

---

[2] The habeas statute of limitations was expired before his state PCR applications were filed.

[3] Rule 41(a)(2) of the Federal Rules of Civil Procedure allows for dismissal by order of the court. The court determines when a case will be dismissed when there is no stipulation by all of the parties and/or an answer has been filed. Absent "legal prejudice" to the defendant, the court should normally grant a motion to dismiss without prejudice under Fed. R. Civ. P. 41(a)(2). Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)(setting forth the factors to be considered). In Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005), the court stated that prejudice does not arise simply because a second action has been or may be filed against the defendant, (citing Am. Nat'l Bank & Trust Co., 931 F.2d 1411, 1412 (10th Cir. 1991)). The important aspect is whether the opposing party will suffer prejudice. Echols ex rel. Pitman v. EBA Krug & Priester GmbH & Co., 225 F.R.D. 518, 519 (E.D.N.C. 2005).

[4] Petitioner filed a motion for extension to further respond to the Respondent's motion for summary judgment if the motion to dismiss is denied. Petitioner requests the extension to "present a 'more tangible' response to the Respondent's Return. By the means of addressing 'each relevant issue' of the Return-consisting of fifty-one (51) pages." (Doc. #26). However, as this Report and Recommendation recommends dismissing the case based on the statute of limitations, any further issues would be moot. (Doc. # 26).Therefore, if the district judge accepts this report and recommendation, Petitioner's motion for extension (doc. #26) is moot.

the York County Court of General Sessions for one count of Murder (2001- GS-46-1879), and one count of Possession of a Firearm during the Commission of a Violent Crime (2001-GS-46-1880). (App. 134-35, 138-39). Petitioner was represented by Jerry M. Screen, Esquire. (App. 1-21). The State was represented by Assistant Solicitor Walter W. Thompson of the Sixteenth Judicial Circuit. Id. On October 21, 2001, Petitioner waived his right to a trial by jury and pleaded guilty before the Honorable John C. Hayes, III, Circuit Court Judge. Id. Pursuant to a recommendation from the State, Judge Hayes sentenced Petitioner to thirty years confinement for the murder conviction, and five years confinement for the possession of a firearm conviction, both to be served concurrently. (App. 20). Petitioner did not file a direct appeal.

First PCR Action

On April 22, 2002, Petitioner filed an Application for Post-Conviction Relief (2002- CP-46-904), alleging ineffective assistance of counsel. (App. 22-31). Specifically, Petitioner claimed that counsel was ineffective because he only visited Petitioner three times; informed Petitioner that individuals were "out to 'FRY HIS BLACK ASS IF HE WENT TO TRIAL;'" he advised Petitioner to plead guilty for a thirty year sentence when Petitioner informed counsel he was responding to an attack; counsel failed to investigate a possible justifiable homicide defense; and counsel was not prepared to go to trial. (App. 25-6).

The State served its Return on March 25, 2003. (App. 32-5). On May 6, 2003, Petitioner filed a Notice of Motion and Motion for Psychiatric Examination. (App. 36). A hearing was held on the motion before the Honorable Lee S. Alford, Circuit Court Judge, on May 27, 2003. (App. 37-57). Petitioner was present and was represented by David Concha, Esquire. Id. The State was represented by Assistant Attorney General Jeanette Van Ginhoven. Id. In an Order filed June 2, 2003, Judge

Alford denied the request for a psychiatric evaluation. (App. 58-61).

Petitioner served a *pro se* Notice of Appeal on July 2, 2003. On April 7, 2004, the Office of Appellate Defense filed and served a Motion to Remand. (App. 62-4). The State filed a letter Return on April 19, 2004. By Order filed April 22, 2004, the South Carolina Supreme Court dismissed the appeal and remanded the case back to the circuit court. (App. 65-66). The Remittitur was issued on May 11, 2004.

An evidentiary hearing in this PCR action was held before the Honorable Lee S. Alford, Circuit Court Judge, on November 6, 2006. (App. 67-121). Petitioner was present and was represented by Thomas Lynn Ogburn, III, Esquire. Id. The State was represented by Assistant Attorney General Jeanette Van Ginhoven. Id. The PCR Court filed its Order of Dismissal on January 11, 2007. (App. 122-31).

Petitioner timely served and filed a notice of appeal on January 16 and 17, 2007, respectively. On appeal, Petitioner was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal to the PCR Court's Order was perfected with the filing of a Johnson Petition for Writ of Certiorari. (Attachment No. 7). In the Johnson Petition, counsel asserted Petitioner did not knowingly and intelligently waive his right to a direct appeal. Petitioner did not file a *pro se* Response to the Johnson Petition. The South Carolina Supreme Court filed an Order on May 7, 2008. (Attachment No. 10). After consideration of the record as required by Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), the Supreme Court denied the petition and granted counsel's request to withdraw. The Remittitur was issued on May 23, 2008. (Attachment No. 11).

Second PCR Action

On April 23, 2009, Petitioner filed a second Application for Post-Conviction Relief (2009-CP-46- 1823), asserting claims of ineffective assistance of counsel, prosecutorial misconduct, subject matter jurisdiction, and mutual combat. (Specifically, Petitioner contended trial counsel was ineffective in failing to challenge a broken chain of custody, the prosecutor failed to willfully follow statutory guidelines, and the indictments were never failed [sic] in accordance to S.C. Code Ann. § 14-17-530(2). The State filed a Return and Motion to Dismiss on February 11, 2010. On March 4, 2010, the PCR Court filed a Conditional Order of Dismissal. (Appendix, attachment #14). In the Order, the PCR Court summarily dismissed the application because it was successive to his prior application for post-conviction relief. Successive applications for post-conviction relief are disfavored. Land v. State, 274 S.C. 243, 262 S.E.2d 735 (1980).

The PCR Court found that the current allegations were or could have been raised in the proceedings based on Petitioner's prior application for post-conviction relief and thus the current application was successive and barred under S.C. Code §17-27-90. (Appendix attachment #14, p. 3-4). The court found that Petitioner failed to establish sufficient reason why he could not have raised his current allegations in his previous application for post-conviction relief; therefore, he failed to meet the burden imposed upon him. Further, the PCR Court found that this second application for PCR should be summarily dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. § 17-27-10 to -160 (2003). S.C. Code Ann. §17-27-45(a) provides that the application must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later. A final order was filed on June 10, 2010, dismissing the PCR application with prejudice for the reasons set forth

in the Conditional Order of Dismissal. (Appendix, attachment # 17). Accordingly, the PCR Court found that Petitioner's current application was successive to Petitioner's previous application and that Petitioner's current application was filed outside the statute of limitations.

Petitioner appealed the denial of his second PCR and filed a *pro se* Petition for Writ of Certiorari. The South Carolina Supreme Court issued its Order of Dismissal on September 28, 2010. In the Order, the Supreme Court stated that in the explanation required by Rule 243(c), [formerly Rule 227(c),] SCACR, petitioner had failed to show that there was an arguable basis for asserting that the determination by the lower court was improper. The matter was dismissed and the Remittitur was issued on October 15, 2010.

Third PCR Action

Petitioner filed a third PCR application on March 21, 2011, which was found to be successive and not filed within the time mandated by statute. (Appendix, attachment #24). A Conditional Order of Dismissal was entered on December 10, 2011, provisional by denying and dismissing the action and giving Petitioner twenty (20) days from the date of service of said Order to show why the dismissal should not become final. (Appendix, attachment #26). Petitioner filed a response to the Conditional Order of Dismissal arguing that he was entitled to file a successive PCR. A Final Order of Dismissal was entered on March 30, 2012. (Doc. # 28-5).

**GROUNDS FOR RELIEF**

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:[5]

GROUND ONE:           Violation of Brady (Misconduct) and Rule 5 of the SCRCRimP; 6th and 14th Amendments of due process.

GROUND TWO:          Ineffective Assistance of Counsel-Failure to present mitigating circumstances and investigate defenses.

GROUND THREE:       Due Process Violation-improper "Grounds for dismissal of PCR application.

GROUND FOUR:         Subject matter jurisdiction.

(Petition).

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[6] Subsection (d) of the statute now reads:

---

[5] The supporting facts are not set forth herein since the petition is barred by the statute of limitations.

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on October 22, 2001. Petitioner's conviction became final ten (10) days after his plea since he did not serve a notice of appeal.  Therefore, his conviction became final after the expiration of the ten days and the one-year limitations period began running on November 2, 2001. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g., Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998).

Petitioner filed a PCR application on April 22, 2002.  Therefore, one hundred and seventy-

one (171) days lapsed between the conviction becoming final and the time the PCR was filed. Petitioner appealed the PCR court's ruling dismissing his application finding it was barred by the state statute of limitations. The South Carolina Supreme Court issued an order dismissing Certiorari and the Remittitur was issued on May 23, 2008. Petitioner filed a second and third PCR action which were dismissed as successive and time barred. The statute of limitations was not tolled by the filing of the second or third PCR action because they were not "properly" filed. Petitioner filed this habeas petition on October 17, 2011, with a *Houston v. Lack, supra,* delivery date of September 7, 2011. However, even using the date of September 7, 2011, the instant petition is clearly time barred and should be dismissed.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In *Harris*, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

*Harris*, 209 F.3d at 327.

The undersigned concludes there is no evidence that warrants equitable tolling. In the case of *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted).

Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

*Id.* at 246-247.

Based on the above reasons, the undersigned finds that the petition is barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## **CONCLUSION**

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (document #16) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied as it is barred by the statute of limitations, and the petition dismissed without an evidentiary hearing.

It is FURTHER RECOMMENDED that Petitioner's motion to dismiss this action without prejudice (document # 25) be denied.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 20, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**