IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy M. Fuewell, | ) | Civil Action No.: 4:11-cv-02757-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mr. Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Randy M. Fuewell, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent filed a return, along with a motion for summary judgment. Petitioner filed a motion to voluntarily dismiss the petition *without prejudice* in order to pursue a related claim in state court. He also filed a motion for an extension to respond to Respondent's motion if the Court denied his motion to dismiss. These matters are now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court grant Respondent's motion, deny Petitioner's motions, and dismiss Petitioner's petition as untimely.

**Factual Background and Procedural History**

Petitioner was indicted on charges of murder and possession of a firearm during the commission of a violent crime in July 2001. He was represented by Jerry M. Screen and pleaded guilty to both charges on October 21, 2001. The trial court sentenced him to concurrent terms of thirty years' imprisonment for the murder conviction and five years' imprisonment for possession of

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

a firearm. Petitioner did not file a direct appeal within the ten-day period provided by South Carolina law.

On April 22, 2002, Petitioner filed a *pro se* application for post-conviction relief ("PCR"). He claimed his guilty plea was involuntary because he was not aware of the defense of self-defense. Moreover, he alleged his counsel was ineffective for failing to properly investigate the case, failing to put forth a self-defense claim, and failing to file an appeal of his guilty plea. Thomas Lynn Ogburn III represented Petitioner at an evidentiary hearing that was held on November 6, 2006. The PCR court issued an order of dismissal on January 11, 2007, and a *Johnson*[2] petition for writ of certiorari was timely filed. That petition, however, was denied by the South Carolina Supreme Court on May 7, 2008, and remittitur was issued on May 23, 2008.[3]

Subsequently, Petitioner filed this Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. In his petition, he raises multiple grounds, including violations of his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), violations of Rule 5 of the South Carolina Rules of Criminal Procedure, violations of his due process rights for improperly dismissing his successive PCR applications, ineffective assistance of trial counsel, and the sentencing court's lack of subject matter jurisdiction. He asks the Court to reconsider his sentence. Pet., ECF No. 1.

Respondent filed a return and a motion for summary judgment on February 1, 2012. ECF Nos. 15, 16. He contended that Petitioner's petition is barred by the statute of limitations or, alternatively, that the claims in the petition are without merit. Petitioner, after he was given notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and after the Magistrate Judge granted a motion for an extension, filed a four-page response but provided no sworn affidavits or

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).
[3] Subsequently, Petitioner filed two more PCR applications; however, because he concedes in his objections that they were both successive and untimely, the Court need not address them in detail after the facts were thoroughly stated in the R&R.

evidence to support the allegations in his petition. ECF No. 24.  He also filed two motions: one to voluntarily dismiss his petition in order for him to pursue a claim in state court and the other to extend the period for him to further respond to Petitioner's motion for summary judgment if the Court denied his motion to dismiss. ECF Nos. 25, 26.  Subsequently, the Magistrate Judge issued an R&R, recommending that the Court grant Respondent's motion and dismiss Petitioner's petition as untimely. R&R 12, ECF No. 29.  The R&R also recommended denying Petitioner's motion to dismiss and finding his motion for an extension moot. *Id.* at 3 n.4, 12.  Petitioner filed timely objections to the R&R. Pet'r's Objs., ECF No. 32.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

*1. Motion to Dismiss*

The Magistrate Judge recommends that the Court deny Petitioner's motion to dismiss. Specifically, he concludes that allowing Petitioner to dismiss the petition *without prejudice*, giving the Petitioner the ability to re-file, would in turn prejudice the Respondent, who has filed his motion for summary judgment. R&R 2-3. Petitioner objects to the recommendation, and although his arguments are difficult to follow,[4] he emphasizes that dismissal would not prejudice Respondent. Pet'r's Objs. 2-6.

Voluntary dismissal of an action after a responsive pleading or motion for summary judgment requires an order of the Court. Fed. R. Civ. P. 41(a)(2); *see also* Rs. Governing § 2254 Cases in the U.S. Dist. Cts. 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Dismissal must be "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Motions for voluntary dismissal without prejudice are generally not denied unless substantial prejudice to the defendant exists. *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). However, denial may be appropriate after a court considers the circumstances and any relevant factors, including "(1) the opposing party's effort and expense in preparing for trial; (2)

---

[4] In Petitioner's motion, he argues the purpose of the dismissal is to enable him to "pursue a possible 'unexhausted remedy' in the state court(s)." Pet'r's Resp. 1, ECF No. 25. He elaborates in his objections, claiming that the statute of limitations governing PCR proceedings does not apply in appeals pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991) (relating to belated PCR appeals), and, apparently, that he has preserved claims related to his first PCR proceeding that he can still bring in state court. Pet'r's Objs. 3-4. This argument has no basis in law, especially given the fact he timely and directly appealed the ruling of the PCR court in his first PCR proceeding by filing a petition for a writ of certiorari to the South Carolina Supreme Court.

excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending." *Hobbs v. Kroger Co.*, No. 98-1831, slip op. at 3, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999) (citing *Phillips USA, Inc. v. All-flex USA, Inc.*, 77 F.3d 354, 358 (10th Cir 1996); *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)); *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997); *cf. Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 179-80 (4th Cir. 2008) (noting that "a district court does not abuse its discretion in denying a motion for voluntary dismissal if the case has advanced to the summary judgment stage and the parties have incurred substantial costs in discovery.").

As the Court finds below, Petitioner's petition is untimely. Granting Petitioner's motion to dismiss *without prejudice* would allow him to avoid summary judgment on the question of untimeliness and delay the inevitable.[5] Respondent's fifty-one-page motion for summary judgment shows a considerable effort in responding to the claims asserted in his petition, and Petitioner waited nearly two-months after the motion to make his motion to dismiss. The petition is untimely now, and it will remain untimely if it is dismissed *without prejudice*. The issue must be decided with finality, a significant policy behind the federal habeas statute of limitations. *See Williams v. Taylor*, 529 U.S. 420, 436 (2000) ("[The Antiterrorism and Effective Death Penalty Act's] purpose [is] to further the principles of comity, *finality*, and federalism." (emphasis added)). Therefore, the Magistrate Judge's recommendation to deny Petitioner's motion to dismiss is without error.

---

[5] Petitioner even concedes "that he has no desire/intention of introducing, (or rather, reintroducing) 'any new claims' (grounds) upon resubmission to this Court." Pet'r's Objs. 5.

  *2. Motion for an Extension*

The Magistrate Judge concludes Petitioner's motion for an extension, dated the day before the deadline, is moot. R&R 3 n.4. Petitioner argues in his objections that the Magistrate Judge improperly issued the R&R before ruling on his *second* motion for an extension.[6] Pet'r's Objs. 7.

Given the Court's below acceptance of the Magistrate Judge's recommendation regarding Respondent's motion for summary judgment, the Court finds the Magistrate Judge properly concluded that the motion for an extension was moot. Petitioner filed a response to the motion on the same day he filed his motion for an extension, and both filings were received by the Court the day after the deadline. The question of whether to grant a second motion for an extension is within the discretion of the Court. Thus, the Magistrate Judge properly found the motion moot after having received an actual response from Petitioner. The objection by Petitioner is overruled.

  *3. Motion for Summary Judgment*

The Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and dismiss the petition as untimely. In addition to his conclusion that Petitioner's petition was untimely,[7] the Magistrate Judge "concludes there is no evidence that warrants equitable tolling." R&R 10. In his objections, Petitioner apparently concedes that his petition was untimely but contends his untimeliness was due to extraordinary and external circumstances that would merit equitable tolling. Those circumstances, he argues, are "[n]ot waiving his right to a direct appeal[, and] not receiving the notice to file [a] *pro se* response to [a] *Johnson[ v. State*, 364 S.E.2d 201 (S.C. 1988)] petition." Pet'r's Objs. 13.

---

[6] After granting Petitioner's first motion for an extension, the Magistrate Judge ordered a March 28, 2012 deadline for Petitioner's response. *See* Text Order, ECF No. 20. The Court received both the motion and the response to motion for summary judgment on March 29.

[7] Petitioner, in his objections, also concedes that his second and third PCR applications untimely and successive. Given Petitioner's admission, the Court finds that his subsequent petitions were not properly filed and did not toll the statute limitations under 28 U.S.C. § 2244(d)(2).

6

Petitioners in state custody "pursuant to the judgment of a [s]tate court" must comply with a one-year statute of limitations in seeking a writ habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period begins to "run from the latest of":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by [s]tate action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such [s]tate action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* However, the limitation period is tolled during the pendency of properly filed state PCR proceedings "with respect to the pertinent judgment or claim." *Id.* § 224(d)(2); *see also Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (holding that state PCR proceedings toll the limitation period "from initial filing [until] final disposition by the highest state court").

After reviewing Petitioner's objections, the Court cannot find that he, in his response, has created a genuine dispute of any fact material to the statute of limitations issue raised by Respondent. Fed. R. Civ. P. 56(a), (e). Respondent alleges that Petitioner's petition was untimely and that the deadline for filing his petition was December 3, 2008. Petitioner did not file his petition until September 7, 2011, at the earliest, and even without his admission of untimeliness, he neither alleges a fact nor presents supporting evidence to show the December 3 deadline is erroneous.

In his objection to the R&R, Petitioner raises the issue of equitable tolling for the first time—after the Magistrate Judge concluded that no evidence showed equitable tolling was warranted. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). As noted above, he argues two extraordinary circumstances justify equitable tolling: that he never knowingly waived his direct appeal and that he never received notice to file a *pro se* response to a *Johnson* brief filed by his counsel in his PCR appeal. The Magistrate Judge's conclusion, however, was correct. The petition makes no mention of extraordinary circumstances, and Petitioner's response to the motion for summary judgment provides no argument or evidentiary support for equitable tolling.[8]

The Court, therefore, is left to rely only on Petitioner's statements of fact in his objections. The unsupported statements, however, are insufficient show the existence of a genuine dispute of material fact. Without evidence controverting Respondent's evidence that shows Petitioner improperly filed his § 2254 petition, dismissal of Petitioner's petition is appropriate. The Court, therefore, finds no error in the Magistrate Judge's recommendation.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's

---

[8] The Court notes that a PCR court found that Petitioner was advised of his right to file a direct appeal and that he "did not want to appeal." ECF No. 15-6 at 9. Furthermore, as the Magistrate Judge pointed out in his R&R, Petitioner was sent a letter from the Supreme Court giving him notice of his right to file a pro se response to his appellate counsel's *Johnson* brief. ECF No. 15-8 at 1. Although Petitioner claims in his response that he never received notice, he fails to provide evidentiary support for his argument.

assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the motions, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Petitioner's motion to dismiss *without prejudice* is **DENIED**; that Respondent's motion for summary judgment is **GRANTED**; and, therefore, that Petitioner's § 2254 petition is **DISMISSED** *with prejudice*. All other motions are deemed moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

August 8, 2012
Florence, SC